UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:17CV57-GCM

| | |
|---|---|
| **WILLIAM BENSON COLE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| **NANCY A. BERRYHILL, Acting Commissioner** ) | |
| **of Social Security,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Summary Judgment and the Commissioner's Motion for Summary Judgment. Having carefully considered such motions and reviewed the pleadings, the Court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

### I. Administrative History

Plaintiff filed an application for a period of disability and Disability Insurance Benefits. Plaintiff's claim was denied both initially and on reconsideration; thereafter, Plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After conducting a hearing, the ALJ issued a decision which was unfavorable to Plaintiff, from which Plaintiff appealed to the Appeals Council.

Plaintiff's request for review was denied and the ALJ's decision affirmed by the Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, Plaintiff timely filed this action.

## II. Factual Background

It appearing that the ALJ's findings of fact are supported by substantial evidence, the undersigned adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, *Smith v. Schwieker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, *supra*. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays v. Sullivan*, *supra*.

## IV. Substantial Evidence

## A.  Introduction

The court has read the transcript of Plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the extensive exhibits contained in the administrative record.  The issue is not whether a court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the ALJ is supported by substantial evidence. The undersigned finds that it is.

## B.  Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled.  The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

(1) Whether the claimant is engaged in substantial gainful activity;

(2) Whether the claimant has a severe medically determinable impairment, or a combination of impairments that is severe;

(3) Whether the claimant's impairment or combination of impairments meets or medically equals one of the Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4) Whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work; and

(5) Whether the claimant is able to do any other work, considering his RFC, age, education, and work experience.

20 C.F.R. §§ 404.1520(a)(4)(i-v). In this case, the Commissioner determined Plaintiff's claim at the fourth step of the sequential evaluation process.

**C.    The Administrative Decision**

In rendering the decision, the ALJ applied the above five-step sequential evaluation process. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 19, 2012, the date his alleged disability began. (Tr. 25). At step two, the ALJ found that Plaintiff had the following severe impairments: coronary artery disease status post vessel grafting and stenting, diabetes mellitus, obesity, and degenerative disc disease of the lumbar spine (Tr. 25). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a Listing. (Tr. 28).

Before proceeding to step four, the ALJ determined that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b); lift and/or carry up to 20 pounds occasionally and up to ten pounds frequently; stand, walk, and/or sit for up to six hours in an eight-hour workday; occasionally balance, stoop, kneel, crouch,

crawl, and climb ropes, ladders, and scaffolds; and, must avoid concentrated exposure to hazards (Tr. 29).

At step four, the ALJ found that Plaintiff was capable of performing his past relevant work as a production scheduler. (Tr. 32). As a result, the ALJ found that Plaintiff was not disabled under the Social Security Act. (Tr. 33).

### D. Discussion

Plaintiff has made the following assignments of error: (1) whether the ALJ erred in the formulation of the RFC, both under agency rulings SSR 85-16 and SSR 02-01p, and *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2016); and (2) whether the ALJ erred by failing to give proper weight to Plaintiff's treating physicians without good reason. Plaintiff's assignments of error will be discussed seriatim.

In determining Plaintiff's RFC, the ALJ considered the relevant evidence and explained the degree of limitation that he found to be supported by the record. Plaintiff generally disagrees with the RFC, and raises several unpersuasive objections to the ALJ's analysis, which applied the correct law and is supported by substantial evidence (Pl. Mem., p. 3-8).

Plaintiff first argues that in formulating the RFC, the ALJ failed to account for the extent to which his back pain could cause an inability to sit, stand, or walk in two hour blocks, up to six hours, in an eight-hour workday or on a sustained basis

(Pl. Mem., p. 5-7). Plaintiff also contends that the ALJ did not mention Plaintiff "needing excessive breaks due to his pain, needing to change positions occasionally due to his pain. *Id.* Plaintiff bases his arguments on *Mascio v. Colvin*, where the Court of Appeals for the Fourth Circuit stated:

> In that regard, we agree with the Second Circuit that remand may be appropriate where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review.

780 F.3d 632, 636 (4th Cir. 2015) (internal citation and quotation marks omitted).

The ALJ's analysis, however, does not frustrate meaningful review because it shows how the ALJ arrived at the RFC based on the entirety of the record and consideration of many factors (Tr. 29-32). An RFC assessment must include "a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." Social Security Ruling ("SSR") 96- 8p, 1996 WL 374184 at *4 (S.S.A.). Here, the ALJ devoted over six pages to a discussion of the medical records relevant to Plaintiff's physical impairments and alleged limitations, noting his course of treatment, notes from different treatment providers, physical examination results, diagnostic test results, daily activities, and medical opinions (Tr. 25-32).

Specific to his ability to stand, walk or sit, the ALJ noted Plaintiff's allegations of lower back pain (Tr. 29, 46), difficulty bending and needing a cane (Tr. 29, 46, 48), and not being able to walk more than 20 minutes at time (Tr. 29, 48), stand more than 30 minutes at a time (Tr. 29, 53), or lift more than 10 pounds (Tr. 29, 53-54). The ALJ also noted that Plaintiff alleged that his heart condition caused fatigue and lower extremity swelling (Tr. 29, 49), he must regularly elevate his legs (Tr. 29, 49-50), and his obesity compounded his limitations (Tr. 29, 51-52); although, Plaintiff stated that he did not have any limitations related to his diabetes (Tr. 29, 51). In determining the extent to which these allegations were supported by the record, the ALJ noted certain abnormal findings in the record (Tr. 25-28). For example, the ALJ noted that diagnostic testing on several occasions revealed Plaintiff had moderate diffuse degenerative changes, multilevel degenerative changes with mild to moderate central canal stenosis, but no nerve compression (Tr. 26-27, 245-246, 373, 436). The ALJ also noted instances of Plaintiff's positive straight leg raising tests (Tr. 27, 409, 442, 448), and detailed the physical examinations showing lumbar back (and sometimes hip) pain and/or decreased range of lumbar back motion (Tr. 25-27, 350, 370, 393, 407, 442). With regard to Plaintiff's coronary artery disease, the ALJ noted that Plaintiff was hospitalized with angina and underwent a

catheterization that revealed a left ventricular ejection fraction of 40% and severe 3-vessel coronary artery disease (Tr. 26, 253- 256).

Concurrently, the ALJ noted and weighed the evidence that did not demonstrate abnormalities, including full motor strength, normal extremities and musculature, and normal sensation and reflexes (Tr. 25-38). For example, in November 2010, although he reported severe back pain, Plaintiff's examination revealed normal range of motion and strength in all extremities, and he did not exhibit any direct spinal tenderness (Tr. 25, 393-394). In June 2011, Plaintiff reported worsening back pain; however, objective findings revealed grossly normal strength, a normal gait and station, and normal motor strength and sensation (Tr. 26, 352). In October 2012, Plaintiff's examination revealed no focal deficits, normal strength, and normal tone, and Plaintiff denied joint and back pain (Tr. 26, 326-327). Similarly, the ALJ noted that exams in 2013 generally revealed no focal deficits, normal sensation, and normal muscle strength and tone (Tr. 27, 441-442, 466). With regard to Plaintiff's coronary artery disease, the ALJ stated that Plaintiff's angioplasty and stenting were "without complication," follow-up testing revealed an ejection fraction of 45%, and Plaintiff was discharged (Tr. 26, 253-254), and noted that subsequent medical records did not document any further symptoms of angina (Tr. 32).

The ALJ properly considered Plaintiff's allegations of pain and limitations. Under the regulations, an ALJ must evaluate the degree to which a claimant's statements reliably indicate the impact of symptoms on his ability to perform work-related activities. 20 C.F.R. § 404.1529; *see also Craig v. Chater*, 76 F.3d 585, 595 (4th Cir. 1996) (a claimant's subjective allegations "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence"). Here, the ALJ considered Plaintiff's alleged limitations resulting from pain in light of all the relevant evidence and properly made a legal determination of an RFC. Because the ALJ properly performed his duty of determining the degree to which those allegations are supported by the record, Plaintiff's argument that the ALJ's analysis of the alleged limitations was inadequate is without merit.

Plaintiff disagrees with the weighing of the evidence; however, it is not this Court's role to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Id.* at 589. Even if it would have decided the case differently, a reviewing court must defer to the Commissioner's decision and affirm it if it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "[I]t is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence. *Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976).

Moreover, to the extent that he asks the ALJ to prove that he could sit, stand, and walk for up to 6 hours in a workday or otherwise work on a sustained basis, Plaintiff misstates the law: it is his burden to establish the existence of impairments that prevented him from working. *See* 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require"); *English v. Shalala*, 10 F.3d 1080, 1082 (4th Cir. 1993) ("[The claimant] "bears the burden of proving that he is disabled within the meaning of the Social Security Act").

Plaintiff also contends that "completely void from the record is. . .what impact if any his obesity has on the exacerbation of his impairments when it comes to performing work" as required by SSR 02-1p (Pl. Mem., p. 5). Plaintiff's argument lacks merit. SSR 02-1p instructs adjudicators to consider the effects of obesity not only under the listings but also when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity. *See* SSR 02–01p, 2000 WL 628049 (S.S.A.). The ALJ did, in fact, consider and address Plaintiff's obesity in his written decision (Tr. 30), and Plaintiff was questioned about his height and weight at the hearing (Tr. 45). In the decision, the ALJ noted Plaintiff's testimony that obesity compounds his limitations (Tr. 29, 51-

52). The ALJ stated in his decision, "[w]hen, as here, there is evidence the claimant has obesity, I must consider the effects obesity has in causing or contributing the claimant's musculoskeletal, respiratory and cardiovascular impairments," and cited to SSR 02-01p. *Id.* Moreover, the ALJ stated that he considered and assessed the functional effects of obesity combined with other impairments not only under the listings, but when he assessed the RFC (Tr. 30). The ALJ limited Plaintiff to less than a full range of light work after considering his exertional limitations secondary to coronary artery disease, degenerative disc disease, diabetes and obesity. *Id.*

Importantly, Plaintiff failed to allege or produce evidence indicating how his obesity worsened his other impairments or restricted his ability to work beyond those limitations included in the RFC (Pl. Mem., p. 4-8). Accordingly, the ALJ did not err in his analysis of Plaintiff's obesity.

Last, Plaintiff argues that in performing the RFC analysis, the ALJ "discredited and failed to adopt the opinions of the Plaintiff's treating providers without good reason" (Pl. Mem., p. 8). Specifically, the Plaintiff states this error occurred when the ALJ assessed Plaintiff's limitations, and was "most noticeable" when the ALJ evaluated the severe impairment of degenerative disc disease (Pl. Mem., p. 8-9). Plaintiff states that the "finding that the impairments were not severe enough is contrary to the objective medical evidence from treatment at Blue Ridge

Bone & Joint and Carolina Spine & Neurosurgery, " and that the findings of the treating physician as to severity of an impairment should be accorded controlling weight (Pl. Mem., p. 9). In the present case, the ALJ did find that Plaintiff's degenerative disc disease of the lumbar spine was, in fact, a severe impairment (Tr. 25).

Nonetheless, it is unclear why Plaintiff takes issue with the ALJ's weighing of treating source opinions in this case because Plaintiff does not identify the medical opinions to which he refers, and in fact, the record is devoid of any opinion from Blue Ridge Bone & Joint or Carolina Spine & Neurosurgery Center regarding Plaintiff's limitations or ability to work. Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of a claimant's impairment(s), including symptoms, diagnosis and prognosis, what a claimant can still do despite impairment(s), and the claimant's physical or mental restrictions. 20 C.F.R. § 404.1527. In his brief, Plaintiff merely highlights several medical findings from the record. At most, February 2014 treatment notes from Carolina Spine & Neurosurgery Center state that "[a]ll of this is limiting to the patient's ability to perform ADL's, household duties, and return to work" (Pl. Mem., p. 10, Tr. 428).

During a treatment visit, Plaintiff seemingly made these statements conversationally, as they appear in treatment notes, under the category "History of Present Illness or Injury" (Tr. 428). Treatments notes are not medical opinions. Therefore, Plaintiff's argument that the ALJ improperly discredited treating source opinions is misplaced.

In sum, the ALJ properly assessed Plaintiff's limitations in the RFC and did not commit the errors alleged. Unlike in *Mascio*, the ALJ's RFC explanation here allows for meaningful judicial review because this Court was not "left to guess about how the ALJ arrived at his conclusions" as to how he arrived at the RFC limitations and considered Plaintiff's impairments, including obesity. *Mascio*, 780 F.3d at 637. The ALJ thoroughly discussed the medical records relevant to Plaintiff's physical impairments, noting his alleged symptoms, course of treatment, medications, examination results, and diagnostic test results. (Tr. 29-32). The ALJ also properly considered every medical opinion of record in determining the RFC, and did not err by failing to address or otherwise improperly considering any treating source opinions (Tr. 30-32).

Plaintiff's assertion that the ALJ failed to account for all his limitations in the hypothetical to the VE restates his assertions regarding his RFC (Pl. Mem., p. 5-8). Because the ALJ properly evaluated the medical and other evidence in this case to

develop the limitations to pose to the VE, and to reach the RFC determination, the ALJ was not required to include all Plaintiff's alleged limitations in his hypothetical to the VE.

An ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98–1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir.1988). Likewise, a hypothetical question is unimpeachable if it adequately reflects the RFC for which the ALJ had sufficient evidence. *See Johnson v. Barnhart*, 434 F.3d 650, 659 (4th Cir.2005).

Here, the ALJ asked the VE to consider a hypothetical individual with Plaintiff's age, education, and vocational history who can occasionally lift 20 pounds; frequently lift ten pounds; stand, walk, and sit six hours in an eight-hour work day; occasionally climb ropes, ladders and scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; and must avoid concentrated exposure to hazards (Tr. 64). The ALJ asked the VE whether this individual could return to Plaintiff's past relevant work. *Id*. The VE responded yes. *Id*.

Plaintiff's arguments regarding the ALJ's hypothetical to the VE rely on the assumption that the RFC assessment should have included additional limitations

(e.g., obesity, need for breaks, need to change positions during the day) (Pl. Mem., p.5). The ALJ's RFC assessment corresponds to the vocational testimony that the ALJ properly relied on when finding that Plaintiff was capable of his past relevant work (Tr. 32-33). Therefore, the ALJ's question to the VE, and reliance on the VE's corresponding testimony was proper, and supports the ALJ's decision that Plaintiff was capable of returning to his past relevant work, and therefore not disabled.

### E. Conclusion

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, Plaintiff's motion and brief, the Commissioner's responsive pleading, and Plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. *See Richardson v. Perales*, *supra*; *Hays v. Sullivan*, *supra*. Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, *supra*, Plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

### ORDER

IT IS, THEREFORE, ORDERED that

(1) the decision of the Commissioner, denying the relief sought by Plaintiff, is AFFIRMED;

(2) the Plaintiff's Motion for Summary Judgment is DENIED;

(3) the Commissioner's Motion for Summary Judgment is GRANTED; and

(4) this action is DISMISSED.

Signed: February 14, 2018

Graham C. Mullen
United States District Judge